Good morning, Honorable Justices. I hope that I won't actually use all of my time. This case seemed to be very easy when we first began it back at the City of Mountain View level. I tried to figure out how to best exemplify how simple these issues were, and as I prepared for argument today, it finally clicked on me as I drove from Santa Rosa. So I kind of scratched what I had originally intended. And I would just ask for you to bear with me to just imagine that if the statute that allowed me to actually be here for this appeal simply read that any aggrieved party from the lower court's decision was allowed to appeal, for sake of argument, keep it simple. Therefore, notice of appeal was submitted by the plaintiffs of the lower court decision, filing fees paid, briefs submitted, research done, oral argument prepared, and then last Friday afternoon, Mr. Sienkiewicz, who was the property owner, not a party to the action, happened to call and say, you know, Your Honors, I'm afraid that if you go through with this appeal, the City of Mountain View is going to, you know, not let me use my property for any reasonable use that I can lease out for commercial purposes. Please take it off calendar. You inform me today, Ms. Michelson, you know, we agree with them. You don't have any right to appeal. That's what this case basically boils down to at the city level. There was a statute that allowed any aggrieved persons, not the party, not the owner, not the conditional use permit holder, but any aggrieved party to the city administrative hearings to appeal. The plaintiffs in the lower court case, the appellants, were wronged by conditional use permit modifications. They properly noticed and paid for their appeal, which should have been de novo through before the City of Mountain View City Council. Subsequent to that, you know, they were denied that process, which therefore brought up some lesser issues in this case, which, you know, personally, that was brought on, I think, by the lower court's ruling in that it was the owner of the CUP, hence the owner of the property that was the aggrieved party and whatnot. Some of the minor issues, I just All right. But let's back up a minute. In the end, you have to have a due process violation to succeed in this court. Do you have a due process right to have the appeal at all? Yes. I think once the case law submits that, once the right was vested in the permit, granted, had it been the original permit that they were applying to. I understand that. Yeah. But you did have a hearing. Pardon me? You had a hearing. You had a full due process hearing. We had a hearing, yes, when the modification took place. Right. Okay. Do you have a federal due process right to have more than that? Yes. Why? That right was vested. And then by statute What right was vested? The conditional use permit, the right to the conditional use permit, as it was granted originally. Right. And you had a hearing. And the hearing resulted in modifying it. Correct. You had a full due process hearing at that point. Well, but per their statute, which they granted, the City of Mountain View, they No, I understand that. That's per their statute. I'm trying to find out what your due process right to a further hearing appeal was. Was that the rights granted by the City on that vested right. It's like the City cannot, the City cannot put out statutes and make you follow these rules and also then have rules for appealing it and then take those rules away and, you know, it's, they're asking for their cake and eat it too. Well, how many hearings do you think you ought to have? The ones granted by their statute, which was the hearing to the, well, it was their modification hearing. We got our hearing for the original conditional use permit. And then by their statute, we were allowed to appeal that de novo to the city council. That's what we never received. I am having a hard time understanding why that is a Federal constitutional right once you have had a full hearing. You had a full hearing. And they modified. We never had our appellate, our full hearing on the appeal, which we should have understood. Do you have any case law for the proposition that you have a right to both a hearing and an appeal with regard to an issue like this, as opposed to just a hearing? I'm sorry. Do you have any case law for the proposition that you have a Federal constitutional right to both a hearing and an appeal on an issue like this? And I would have to pull the brief, but I think it's been briefed that once it was a vested right, that there is that right to the appeal once it was granted on the, by the ordinance, the city code. The problem that I am having is that your client continued to operate under the original conditional use permit until he vacated the property in January and began to operate someplace else. So how is, how is he harmed? He was harmed because in January, before he vacated the property, they actually voided that, the CUP that he was operating under, the MacDesians, both of them, Mr. Amnesty, voided that CUP and then issued another conditional use permit. And I do want to clarify somewhat, because it gets confusing on the language of the auto body shop versus automotive-oriented business. And what the one was was strictly for an auto body type paint issues. But you haven't quite answered my question. He moved to a new location. He continued to operate under the conditional use permit until he moved. Isn't that correct? No, it was voided prior to him moving. They did not, their vacation of the property did not happen until the end of January. The conditional use permit that he was operating under was voided on January 22nd. But he was already leaving on January 30th. That's a disputable fact. What's a disputable fact is that he agreed to leave. But it's a very disputable fact that he was, in fact, evicted and had to leave. He was noticed. But case law says that, you know, the notice to quit does not constitute, you know, a giving up of the property. It was up until January. And had we been able to have our appeal before city council, we would not have vacated the property. I mean, you know, depending on the outcome of that hearing with the city council, we probably would not have vacated our property. Well, I guess we don't really know why the landlord ordered him out, but apparently for violation of the lease. No, what he, no, we do know that from the record, is that he for, quote, for all the problems you're having with the city. What we, what the appeal would have shown was, and the MacDesians were in the process of having experts hired to actually go one step further after the modifications to get noise experts and whatnot in there, which would have then been presented at the city council hearing on the de novo review. We don't know specifically why other than what the landlord said was, quote, due to the problems with the city. And the actual last problem that I'm having, and that is the, after the remand to the zoning authority, was that an appealable order? Was the, was the last decision on, on the conditional use permit appealable by your clients? Well, it was, but it's the exact same place that we started from. The original zoning administration hearing was appealable to the city council. Right. But you didn't appeal the second one. We did that, and that's when they said, well, we're not going to give you the appeal before city council, go back before the original decision maker. Right. And then did you appeal that? No, we did not, because at that point under Patsy the constitutional violation had occurred, and we felt that we did not have to exhaust the administration. Well, the constitutional violation, however, is the, is the, according to you is the deprivation of an appeal. If you still hadn't appealed, then the constitutional violation hadn't occurred. But we had already appealed, and they denied our appeal. That's what we're saying. It was circulated. But a remand isn't unusual. We do that. I mean, it isn't unusual for an appellate body to say, well, go to send it back to the original decision maker and say, let the original decision maker consider this again before we consider it. That's not so unusual. It doesn't seem to me to be a due process violation in itself. If you still had another shot at the city council, but you didn't take it. And I would beg to differ only on the issue is that you have probably seen the case and then said, let's remand it back to the lower court for one more go. The city council never had our, you know, other than the little short one-page form that says we want to have an appeal, they never had specifically the appeal before them or any kind of briefing for them to review and say, okay, let's go back down to the zoning administrator. It was purely on the request of a third party that was uninterested, that was, you know, not part of the appeal in the first place. You have about a minute and 11 seconds if you care to reserve it. You know, I think it's been well briefed. I just tried to simplify it a little. So unless the court has further questions, I have no further argument. Thank you. Ginsburg. Morning, Your Honor. Nancy Heonigke appearing on behalf of the City of Mountain View et al. The fundamental fact informing this case is the fact that there was no due process violation at all. There was no process denied. The conditions imposed on the original cup were never challenged by the appellants. The conditions imposed in October were stayed, were not challenged once they were referred back to the zoning administrator, remanded back. And there was no reason that the appellants could not have appealed the decision of the zoning administrator in January to the city council. Was the original conditional use permit, in fact, voided as opposed to modified? You used the term modified in your briefs. And where is that in the record, the voiding, if it was voided? Well, I saw that in the appellant's brief, and I looked myself for any evidence suggesting that it was voided, and I see none. In fact, the city attorney, I believe it was page 20 of the brief of the appellant record. Let me see here. Yes. In his declaration, he said the hearings resulted in additional modifications to the cup. But was the conditional use permit still in the name of both the plaintiff and landlord, or just in the name of the landlord at that point? The conditional use permit was applied for by the plaintiffs in the name of the landlord. And the conditional use permit is in the record at 5354. That's the original cup. And that's because the conditional use permits are officially in the name of the landlord, is that? They run with the land, and, of course, the landlord owns the property, and they are officially in the name of the landlord, and he is the legal owner of the cup. And then what about the January conditional use permit? Was that in the same form? It was just a modification of the original permit. But whose name was it in? The permit itself was issued in April, and the modifications would not change the name of the permit holder. So, in other words, the permit holder from the April cup was the application was made by Harry McDessian in the name of Thomas Sienkiewicz, who was the owner of the property. And the modifications, subsequent modifications, don't change that. Of course, when a new auto body shop began operating there in January or February or after January, in any event, the permit would be issued to that operator. As I understand it, the landlord had the property subject to a nonconforming use. Yes. Grandfathered in. So when the conditional use permit was applied for, there was no challenge to the fact that they could continue to operate under the nonconforming use, is that correct? That's correct. The appellants did not challenge the original cup, which imposed some conditions on use for that nonconforming use. Were the conditions in the January or the April conditional use permit more or less onerous than the ones from October? The January conditions were very similar to the October conditions. There was not a significant difference between them. The key issues involved with the MacDessians' ownership or operation, excuse me, of the auto body shop were the size of trucks that were being used, the hours of operation, the dust, the noise, and those were the key issues. But what was the reason for the remand then? What was why didn't the city council just decide the? Well, the remand was done at the request of the legal holder of the cup, the landlord of the property, because he feared that the city council would impose even more stringent conditions on the permit, and he knew the MacDessians were leaving, and he didn't want to have his ability to rent his property further degraded or degraded. It wasn't degraded, obviously, since he rented to an auto body shop after that. But he was concerned that the MacDessians who were leaving would create a problem for him in terms of the imposition of additional conditions, which is why he asked the city council to remand to the zoning administrator for another hearing, for another public hearing. That, of course, doesn't make a lot of sense, actually, because, well, he already had the hearing. You agree that MacDessians still could have appealed the second ruling to the city council, so he would be in the same place. So what did he accomplish? Well, I'm not sure what he accomplished. I think what the city accomplished was to appropriately consider the concerns of the legal holder of the cup and follow his directives with regard to that. Now, maybe it didn't accomplish anything, because, of course, the MacDessians still had the right to appeal the decision of the zoning administrator. They also said a minute ago, when you were talking about the new operator, something to the effect of the new conditional use permit, of course, was in their name. But that doesn't make too much sense either, if you're suggesting that they're always in the name of the landowner. Well, it was in the name of the landowner. If I said that, I misspoke. It was in the name of the landowner and, of course, just a different group operating there. I see. And it is a little peculiar to remand an appeal when the person who took the appeal didn't ask for it to be remanded. Well, I think the fundamental issue there, though, is that the right to appeal was not taken away. The landlord the circumstances had changed, mind you, because the landlord had served a notice to quit on the McDessians. The city attorney had been informed that they were planning on leaving at the end of the ---- That's a dispute, I gather, so we can't rely on that. I'm sorry? Whether they were planning on leaving or had agreed to leave is a dispute. It is, although the city attorney ---- that was the information the city had, which is not disputed. And so conditions had changed, and I think that it makes sense then to go back to the zoning administrator under those changed conditions that we were anticipating vacation of the property by the McDessians and have the zoning administrator look at the issue again given those changed circumstances. The only other question is whether the McDessians were given adequate notice of the new hearing. Well, the new hearing was noticed for January 22nd. They were given 10 days' notice, which was what was provided for. The hearing was actually moved one day back, in other words, to the 23rd, so they ended up with actually 11 days' notice. But it was a different hearing. Originally they thought they had an appeal from something, and now they were having it and the whole thing was opened up again. Well, the fact is, though, that they appeared at the hearing, they presented their case. They don't challenge the fairness of that procedure here. They do not challenge the fairness of the hearing on the 23rd. Anything more? No, Your Honors. Thank you very much. Counsel, you have about a minute and some left. I would just like to clarify that on your question of whether the CUPs changed, the January one, in the appellant supplemental excerpts from the record, there's just one document, and it is on the first page, last paragraph, where it specifically states that on January 31st, 2002, the current tenant will be vacating the premises thus making use permit number 526-01-UK and 678-01-UK void as they were specifically approved for this tenant, which this is regarding the MacDesians. So it was a different, however, the property owner wishes to, you know, less the lease for the site-oriented businesses. So it was that the MacDesians was voided per the findings of the City of Mountain View. And, again, case law, you know, clearly supports that any kind of a long-term lease for years, that that tenant stands in the shoes of the landlord, i.e., who, you know, who had the rights to the CUP. And while it's easy to minimize the changes in the CUP from the April and October to the January, when we talk about what kinds of trucks and cars the MacDesians could work on with the modifications, I mean, that's 50, that really, it sounds like a little few conditions changed, but that was 50 percent of what types of vehicles they worked on. And then with regard to whether the notice of the January hearing, now it was, the City sent out a notice on the 16th of January. It was not postmarked until the 18th, and that actually was like, I believe, it was Martin Luther King holiday weekend. They received it on the 22nd, which was the day of the hearing, saying, by the way, your hearing before City Council tomorrow isn't going forward. You're due to hear. What we did object to at that hearing was that we shouldn't even be at that hearing. We should be at the City Council that following day with our experts to present our case. So it wasn't that we did object to that hearing. We weren't there prepared to argue the conditional use permit changes again. We were there to say, look, we're supposed to be going before the City Council the following day. So I just wanted to clarify those issues with you. Thank you. Thank you very much. Thank you, counsel. The case of Magdusian v. City of Mountain View is submitted.
judges: B .Fletcher, Gibson , Berzon